Argued and submitted July 24, petition for judicial review dismissed October 2, reconsideration denied December 18, 1991, petition for review pending 1992

MARVIN BETSCH,
*Petitioner,*

*v.*

BOARD OF PAROLE,
*Respondent.*

(CA A66200)

817 P2d 1356

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender, Salem.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and John Reuling, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

PER CURIAM

## PER CURIAM

Petitioner challenges an order of the Board of Parole. Because he did not exhaust his administrative remedies under ORS 144.335(1), we lack jurisdiction to review the order.

Petitioner argues that he should not be held to the requirement that he exhaust his administrative remedies, because the Board did not comply with ORS 183.413(2)(i)[1] and inform him that he was required to request administrative review as a prerequisite to judicial review.

The crux of petitioner's challenge to the Board's order is that a special condition of his parole, that he stay out of Klamath County, is unconstitutional. That condition was imposed by an order dated June 22, 1990. The order that petitioner seeks to have reviewed, which incorporates that special condition, was issued four days later and is merely a memorialization of the earlier agency order. The earlier agency order, a copy of which was mailed to petitioner on June 26, 1990, contained this notice:

> "You are entitled to an Administrative Review of this order under OAR 255-80-005. Administrative Reviews may be obtained by submitting a written request to the Chairperson within 45 days from the date of this order. You may also obtain Judicial Review of this order by filing a petition for review in the Court of Appeals * * * within 60 days *of the response to administrative review request.* Judicial review is pursuant to the provisions of ORS 144.335." (Emphasis supplied.)

That sufficiently informed petitioner of his review rights. Because he did not seek administrative review, we have no jurisdiction. ORS 144.335(1).

Petition for judicial review dismissed.

---

[1] ORS 183.413 provides, in part:

"(2) Prior to the commencement of a contested case hearing before any agency including those agencies identified in ORS 183.315, the agency shall inform each party to the hearing of the following matters:

"* * * * *

"(i) A description of the appeal process from the determination or order of the agency."